Jesus Gilberto CANEDO-
DUARTE, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 10–73081.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2013.*

Filed Feb. 13, 2013.

JESUS GILBERTO CANEDO–
DUARTE, SIERRA VISTA, AZ, PRO SE.

Scott A. Keller, Yetter Coleman LLP,
Austin, TX, for Petitioner.

OIL, Kathryn Deangelis, U.S. Depart-
ment of Justice, Washington, DC, Chief
Counsel ICE, Office of the Chief Counsel
Department of Homeland Security, San
Francisco, CA, for Respondent.

Before: NOONAN, TASHIMA, and
GRABER, Circuit Judges.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

1. The dissent asserts that we are implicitly
approving *In re Davey* "as properly decided."
We are not. The government has asked for
an opportunity to allow the BIA to reconsider

ORDER **

Respondent's Motion to Remand is
GRANTED. The case is remanded to ap-
ply *In re Davey*, 26 I. & N. Dec. 37
(B.I.A.2012), as appropriate.[1]

The parties shall bear their own fees
and costs on appeal. This order shall
serve as the mandate of this court.

TASHIMA, dissenting:

I dissent from the Order because of its
highly questionable methodology and as-
sumptions.

The primary issue involved in this peti-
tion for review is whether petitioner's drug
paraphernalia conviction under Arizona
law is a drug related conviction under 8
U.S.C. § 1227(a)(2)(B)(i), such that it ren-
ders petitioner removable. The BIA held
that it was and petitioner petitioned for
review of that decision. Shortly before the
calendared date for oral argument, the
government moved to remand this case to
the BIA for application of *In re Davey*, 26
I & N Dec. 37 (B.I.A.2012). Petitioner
opposes the remand motion.

The Order grants the motion and directs
that "[t]he case is remanded [to the BIA]
to apply *In re Davey* . . . ." It is necessari-
ly implicit in the Order that we are ap-
proving *In re Davey* as properly decided
and, therefore, entitled to *Chevron* defer-
ence as a reasonable interpretation of an
ambiguous statute. Why else would we
order the BIA "to apply *In re Davey*"?
Yet, we have done so without examining

---

this case. On reconsideration, the BIA may
apply *In re Davey*, or it may choose to decide
the case on other grounds, in which event any
substantive decision that we might make
about *In re Davey* would be premature.
Moreover, even if the BIA decides to apply *In
re Davey* here, and one of the parties petitions
for review, then we can review the concrete
application of that rule to an issue that the
BIA will have decided in this case.

the case, without providing any analysis or rationale for our decision and, indeed, even without any briefing or argument by the parties.[1]

Moreover, *In re Davey* has another aspect involving a question we have never examined. That is, when a state drug paraphernalia statute fails the *Taylor* categorical analysis, whether further examination of the conviction at issue should be under the modified categorical approach or the circumstance-specific approach, which the BIA adopted in *In re Davey*. On this question also, we are adopting the BIA's circumstance-specific approach without analysis or examination when we summarily grant *Chevron* deference to that case by directing the BIA to apply *In re Davey*.

Because I would first decide whether *In re Davey* was correctly decided and, thus, entitled to *Chevron* (or any other) deference before remanding this case to the BIA to "apply" *In re Davey*, I dissent from the majority's methodology, which effectively decides this case, and an important and substantial issue, without thought or analysis.

---

1. In its footnote, the majority makes two speculative assertions which should not be left unanswered. (1) The majority first asserts that "the BIA may apply *In re Davey*, or it may choose to decide the case on other grounds...." This is pure, unfounded speculation. The government asks for remand specifically "to determine whether Petitioner is removable ... in light of *Matter of Davey*," and the Order grants remand expressly "to apply *In re Davey* ...." As for deciding the case "on other grounds," the BIA has already had the opportunity to decide the case on all such grounds and there is no reason why it should be given a second bite of the apple as to any ground other than *In re Davey;* that is

why the Order does not leave room for reconsideration on any ground other than *Davey*. (2) The majority also asserts that "we can review the concrete application" of *In re Davey* on a second petition for review. That may be so, but we *cannot* review whether *Davey* itself is good law—whether it is entitled to *Chevron* deference—because we have necessarily already decided that issue by this remand Order and it is now the law of the case.